STATE *v.* RICHARD McDONNELL.—MICHAEL DUFFY, Appellant.

The surety may be sued without making the principal a party to the suit.

The Auditor's account, charging a delinquent tax collector with the amount of his defalcation, is sufficient evidence to establish the liability of the surety on the collector's bond.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

*E. W. Moïse*, Attorney General, for the State. *C. Roselius*, for the appellant.

MERRICK, C. J. This suit was instituted upon the bond of the defendant, *Richard McDonnell*, as State Tax Collector for the Fourth District of New Orleans.

The account from the books of the Auditor of Public Accounts, which was offered in evidence without objection, shows that *McDonnell* was a defaulter for $27,954 57.

The proceeding was commenced by a rule against the tax collector and his sureties under the 71st Section of the Act approved March 15, 1855. Acts 1855, p. 517, 518. *McDonnell* having absconded, as it appeared by the return of the Sheriff, a Curator *ad hoc* was appointed to represent him.

*Michael Duffy*, one of the defendants in the rule, who was condemned as surety for *McDonnell* for the sum of one thousand dollars, has appealed from the decree which was adverse to the defendants. He assigns the following errors, viz:

1st. "The proceedings are irregular, null and void, because the principal obligor, *McDonnell*, has not been cited and is not before the court, and no judgment can be rendered against his sureties unless the amount of the alleged defalcation is established contradictorily with him. The appointment of a Curator *ad hoc* is unauthorized by law."

2d. "There is no legal evidence whatever to establish any defalcation on the part of *McDonnell*, the tax collector. The return of the Auditor of Public Accounts is no evidence of the facts stated therein. No law has made it so."

I. On the first ground assigned as error, we remark, that if there be any case, in which the surety should respond for his principal, it is where the principal has absconded with the funds the safety of which the surety has undertaken to guarantee.

If a personal service upon the principal were necessary in order to charge the surety, a bond taken to secure the State against the acts of the principal debtor would be entirely nugatory, for if the principal should flee from the State, there would be no recourse against his sureties. But the surety may be sued without making the principal a party to the suit. If so, the appointment of a Curator *ad hoc*, to represent the principal debtor, cannot prejudice the surety.

If the surety is properly cited, the only question between him and the State

is, has the bond been forfeited, and how much is due upon the same? It might be convenient for him if his principal should answer these questions. But if his principal has absconded, the surety must respond to them alone.

II. The certified extract from the Auditor's account was received without objection. It was, therefore, properly considered by the court. The defendant who did not even take a bill of exceptions to the introduction of the evidence, cannot make its reception a valid basis for the assignment of error. He must be presumed to have assented to its introduction. 11 An. 37. But if it be intended by the assignment of errors to assert, that the account of the Auditor proves nothing when introduced in evidence, the objection is answered by the section of the statute cited, which makes it the duty of the Auditor of Public Accounts to charge the delinquent with the amount of his defalcations, and to require the District Attorney of the proper district to proceed, by rule, against the tax collector and his sureties.

Judgment affirmed.